# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONG MOUA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, USP-ATWATER,<br><br>　　　　Respondent. | Case No.: 1:22-cv-00948-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(30-DAY OBJECTION DEADLINE) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California. Petitioner filed the instant petition on July 29, 2022. (Doc. 1.) Petitioner claims the BOP has unlawfully and arbitrarily set up a schedule of restitution payments not established by the sentencing court. On October 18, 2022, Respondent filed a motion to dismiss the petition. (Doc. 8.) Petitioner did not file an opposition. For reasons that follow, the Court concludes that the petition fails to state a claim and will recommend the motion to dismiss be GRANTED.

## BACKGROUND

On December 9, 2016, Petitioner was found guilty in the United States District Court for the District of Minnesota, by jury trial, of two counts of bank robbery, a violation of 18 U.S.C. § 2113(a).

1

United States v. Moua, Case No. 00:16-cr-00104-SRN-TNL-1 (D. Mn.), (ECF 90).  On May 4, 2017, Petitioner was sentenced to terms of 150 months for each count of bank robbery, to run concurrently, and a term of 36 months of supervised release.  Id., (ECF 135).  In addition, Petitioner was ordered to pay a special assessment of $200.00 and restitution in the amount $7,335.19, via Option D (which provides for monthly installments of 50.00 over a period of 3 years to commence 30 days after release from imprisonment to a term of supervision), and Option F, which provides:

> 1. It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 1 and 2, which shall be due immediately. The special assessment shall be paid to the Clerk, U.S. District Court.
> 2. During the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.
> 3. The defendant's obligation to pay the full amount of restitution continues even after the term of supervised release has ended, pursuant to federal law. See 18 U.S.C. § 36413. If the defendant is unable to pay the full amount of restitution at the time supervised release ends, the defendant may work with the U.S. Attorney's Office Financial Litigation Unite to arrange a restitution payment plan.

(Doc. 8-1 at 34-35.)

Petitioner appealed to the Eighth Circuit Court of Appeal, and judgment was affirmed on July 11, 2018.  United States v. Moua, 895 F.3d 556 (8th Cir. 2018).

Petitioner then filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255.  Moua, Case No. 00:16-cr-00104-SRN-TNL-1, (ECF 164).  On July 31, 2019, the motion was denied.  Id., (ECF 180).

Petitioner also filed a motion for compassionate release in the sentencing court, and the motion was denied on April 28, 2022.  Id., (ECF 202, 212).

On July 29, 2022, Petitioner filed the instant federal petition in this Court.  (Doc. 1.) Respondent filed a motion to dismiss on October 18, 2022. (Doc. 8.) Petitioner did not file an opposition.

**DISCUSSION**

I.     Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v.

2

Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

In this case, Petitioner claims that the BOP has arbitrarily set up a schedule of restitution payments that was not established by the sentencing court.  Such a claim concerns the manner of the sentence's execution.  Therefore, the Court has jurisdiction to consider this claim pursuant to 28 U.S.C. § 2241.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.

II.   BOP Collection of Restitution Payments

Petitioner claims that the unlawfully BOP set up a schedule of restitution payments.  Petitioner acknowledges that the sentencing court set up a schedule of payments, but claims the BOP, through the Inmate Financial Responsibility Program ("IFRP"), has arbitrarily and unlawfully set up a payment schedule in excess of the sentencing court's payment plan.

Respondent is correct that Petitioner's claim is foreclosed by United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008).  In Lemoine, the Ninth Circuit held that "the BOP's operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments." 546 F.3d at 1046.  With respect to Petitioner's claim that the BOP's schedule of payments exceeds that set by the sentencing court, Respondent correctly notes that the sentencing court specified that the payment schedule was the minimum Petitioner was required to pay.  (Doc. 8-1 at 34-35.)  In Lemoine, the Ninth Circuit noted that "nothing in the text of the statute or our prior decisions places any limits on

the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments." 546 F.3d at 1048 (citing 18 U.S.C. §§ 3663A, 3664). "Nor does [the statute] limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at a faster rate than the court has required." Id. at 1046.

To the extent that Petitioner may contend the BOP unlawfully sanctioned him for refusing participation in the IFRP, the claim is also meritless. In Lemoine, the Ninth Circuit noted that "[a]n inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." Id. at 1047. Those consequences are set forth in 28 C.F.R. § 545.11(d):

> (d) Effects of non-participation. Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following:
>
> (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
>
> (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);
>
> (3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;
>
> (4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;
>
> (5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/ her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;
>
> (6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;
>
> (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);
>
> (8) The inmate will not be placed in a community-based program;

>  (9) The inmate will not receive a release gratuity unless approved by the Warden;
>
>  (10) [Reserved]
>
>  (11) The inmate will not receive an incentive for participation in residential drug treatment programs.

Lemoine, 546 F.3d at 1047. The Ninth Circuit found no illegality or constitutional infirmity in the IFRP, or in the adverse consequences that could attend an inmate's non-participation. Id. at 1049.

Therefore, Petitioner fails to state a *prima facie* claim for relief and the petition should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 23, 2022**            /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

5